UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BILLY MORGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-CV-469 NAB ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Billy Morgan's ("Morgan") application for disability insurance benefits and supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the Commissioner's decision.

**I.    Issue for Review**

Morgan presents one issue for review. He asserts that the administrative law judge ("ALJ") failed to provide specific reasons for rejecting his testimony. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

Morgan's sole issue for review is that the ALJ failed to properly evaluate his credibility. In considering subjective complaints, the ALJ must fully consider all of the evidence presented,

including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
> (3) Any precipitating or aggravating factors;
> (4) The dosage, effectiveness, and side effects of any medication; and
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* "Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

In this case the ALJ found that Morgan had the severe impairments of status post right and left thyroidectomy related to thyroid carcinoma; a history of Hodgkin's lymphoma; degenerative joint disease of both knees; cervical, thoracic and lumbar spondylosis; status post left ulner nerve decompression for cubital tunnel syndrome; status post decompression of the right median and ulnar nerves for cubital and carpal tunnel syndrome; obesity; anxiety; and depression. (Tr. 12.) The ALJ then determined that Morgan had the residual functional capacity

("RFC") to perform sedentary work that includes being limited to work that does not require more than occasional interaction with coworkers or the public, and work that does not require the ability to remember and carry out detailed instructions. (Tr. 16.) Regarding Morgan's credibility, the ALJ stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> …
>
> The claimant has generally not received the type of medical treatment one would expect for a totally disabled individual.
>
> …
>
> The claimant has sought and received appropriate medical treatment for the allegedly disabling symptoms. The record contains numerous office visits, reflecting regular trips to the doctor to seek relief from the alleged symptoms and his willingness to undergo surgery in an attempt to alleviate the alleged symptoms certainly suggests that the symptoms were genuine.
>
> With regard to credibility, the claimant's earnings were not at a level of substantial gainful activity in 2007 and 2009-2012…As a result, a review of the claimant's work history shows that the claimant worked only sporadically prior to the alleged disability onset date, which raises a question as to whether the claimant's continuing employment is actually due to medical impairments.

(Tr. 17, 20.)

Morgan contends that the ALJ failed to provide "specific, cogent" reasons when rejecting his complaints. He states that the ALJ ignored his complaints of pain in his neck, bilateral upper and lower extremities, and back. Finally, Morgan contends that the ALJ failed to consider the

4

*Polaski* factors, including his activities of daily living, medication dosage and side effects, functional restrictions, or aggravating factors.

The undersigned finds that the ALJ's credibility assessment is supported by substantial evidence in the record as a whole. First, the ALJ gave a detailed summary of the medical evidence in the record that both supported and detracted from Morgan's subjective complaints. Second, the ALJ could properly consider Morgan's low earnings record and the inconsistencies between his subjective complaints and the objective medical evidence. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (claimant's credibility lessened when considering sporadic work record reflecting relatively low earnings and multiple years with no reported earnings). Third, the ALJ adequately discussed the *Polaski* factors in evaluating Morgan's subjective complaints. (Tr. 17-20.) Specifically, the ALJ addressed Morgan's activities of daily living, the subjective evidence of the duration, frequency, and intensity of his pain, the dosage and effectiveness of his medication, and his functional restrictions. (Tr. 16-20.) "Because the ALJ gave good reasons for discounting Morgan's credibility, [the Court defers] to the ALJ's credibility findings." *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012). Based on the foregoing, the ALJ considered several factors in evaluating Morgan's credibility and the ALJ's credibility determination was supported by substantial evidence in the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 18.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 27th day of January, 2015.

                                                  /s/ Nannette A. Baker
                                           NANNETTE A. BAKER
                                           UNITED STATES MAGISTRATE JUDGE